# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 15 B 05527 |
| BRIAN STEVENS | Chapter 13 |
| Debtor, | Honorable Judge Jack B. Schmetterer |
| BRIAN STEVENS | |
| Plaintiff | Adversary Proceeding |
| v. | Case No. 16 A 00116 |
| WELLS FARGO BANK, N.A. | |
| Defendant. | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

On February 15, 2016, Brian Stevens (hereinafter "Plaintiff") filed an adversary complaint pursuant to 11 U.S.C. §§ 506(a) and (d) and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip off Defendant's Underlying Lien Against Plaintiff's Primary Residence. The Court, after proper notice to Defendant, having considered and reviewed the Complaint and Exhibits and being fully advised in the premises, and having entered an Order of Default and an Order of Default Judgment, now makes and enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff is the owner of the property commonly known as 13564 West 167th Street, Homer Glen, Illinois 60491.

1

2. Wells Fargo Bank, N.A. possesses a senior mortgage against the property commonly known as 13564 West 167th Street, Homer Glen, Illinois 60491 in the amount of $132,000.00 by virtue of Consent Judgment entered in Case No. 15 A 00651.

3. Wells Fargo Bank, N.A. filed proof of claim 3-1 in the amount of $262,727.60.

4. Wells Fargo Bank, N.A. possesses a junior mortgage against the property commonly known as 13564 West 167th Street, Homer Glen, Illinois 60491 in the amount of $71,095.17. *The value of the property is $132,000.00 as alleged in the complaint*

5. As of February 18, 2015, when a bankruptcy case concerning Plaintiff was filed under Chapter 13 of the United States Bankruptcy Code, Case No. 15 B 05527, the amount due and owing on Wells Fargo Bank, N.A.'s senior mortgage exceeded the value of the property commonly known as 13564 West 167th Street, Homer Glen, Illinois 60491

6. Plaintiff's Chapter 13 plan provides that Wells Fargo Bank, N.A.'s junior mortgage shall be treated as a general unsecured nonpriority claim.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334, in that this action arises in and relates to Bankruptcy Case No. 15 B 05527, In re Brian Stevens presently before this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(k), 11 U.S.C. §§ 506(a) and (d), and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiff's Primary Residence.

3. Pursuant to 11 U.S.C. § 1322(b), a lien upon a residential real estate which is the Debtor's primary residence cannot be modified. However, where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be

2

stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In re: Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In re MacDonald*, 205 F.3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F.3d 277 (5th Cir. 2000); *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000). As of February 18, 2015, when a bankruptcy case concerning Plaintiff was filed under Chapter 13 of the United States Bankruptcy Code, Case No. 15 B 05527, the amount due and owing on Wells Fargo Bank, N.A.'s senior mortgage exceeded the value of the property commonly known as 13564 West 167th Street, Homer Glen, Illinois 60491; therefore, Wells Fargo Bank, N.A.'s second mortgage is wholly unsecured and may be avoided and cancelled.

4. Pursuant to 11 U.S.C. § 506, Wells Fargo Bank, N.A.'s junior mortgage has been proven to be wholly unsecured, and therefore shall be treated as a general unsecured nonpriority claim in Plaintiff's Chapter 13 plan.

5. Wells Fargo Bank, N.A.'s secured claim against the property commonly known as 13564 West 167th Street, Homer Glen, Illinois 60491, is valued at zero.

*THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*

3

6. Plaintiff is entitled to a Order of Judgment declaring that upon successful completion and entry of discharge in Plaintiff's Chapter 13, Wells Fargo Bank, N.A.'s junior mortgage will be rendered null and void with no further legal effect.

7. The Court reserves jurisdiction to enforce the terms of this order.

Dated: 7/11/16

Jack B. Schmetterer
United States Bankruptcy Judge

Prepared by:

Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 (telephone)
(630) 575-8188 (facsimile)
jdavidson@sulaimanlaw.com

4